UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DERRICK PETWAY, | ) | CASE NO. 1:07 CV 3641 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| JUDGE EUGENE LUCCI, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On November 26, 2007, plaintiff pro se Derrick Petway filed this action under 42 U.S.C. § 1983[1] against Lake County Common Pleas Court Judge Eugene Lucci, Lake County Magistrate Mathew Spangler, Lake County Clerk of Court Lynne L. Mazeika, the Painesville Police Department, Deborah Andrews and Joe Vanek. In the complaint, plaintiff alleges Judge Lucci signed an order declaring him to be a vexatious litigator and barring him from filing additional

---

[1] Mr. Petway does not specifically state that he is seeking to proceed with an action under 42 U.S.C. § 1983. He merely alleges that the defendants have violated his First and Fourteenth Amendment rights. Because the Constitution does not directly provide for relief in the context of a civil case, plaintiff must proceed under one of the civil rights statutes which authorizes an award for alleged constitutional violations. Sanders v. Prentice-Hall Corp. Sys, 178 F.3d 1296 (6th Cir. 1999). As no other statutory provision appears to present an even arguably viable vehicle for the assertion of plaintiff's claims, the court construes these claims as arising under 42 U.S.C. § 1983.

documents in that court. He asks this federal court to stay all of the orders issued by Judge Lucci which pertain to the vexatious litigation declaration, permanently enjoin the defendants "from engaging in any practice which violates [his] constitutionally provided rights," and award him compensatory and punitive damages. Plaintiff also filed an Application to Proceed In Forma Pauperis. That Application is granted.

## Background

On July 9, 2007, Deborah Andrews filed a petition in the Lake County Court of Common Pleas seeking a civil order of protection against Derrick Petway. Mr. Petway responded with a counter petition against Ms. Andrews alleging civil stalking. Magistrate Mathew Spangler conducted a hearing on the petitions on July 18, 2007. As a result of the hearing, Ms. Andrews was granted a one year order of protection and Mr. Petway's petition was dismissed.

Thereafter, Mr. Petway filed five additional civil stalking petitions within a one month period of time. Two of the petitions were against Ms. Andrews, two were against Magistrate Spangler and one was against Ms. Andrew's brother, Joe Vanek. Four of these petitions were denied by the court. The fifth petition was dismissed by Mr. Petway when he was informed that he would not be granted a temporary ex parte order and, instead, the matter would be set for hearing. The court responded to the six petitions by declaring Mr. Petway to be a vexatious litigator pursuant to Ohio Revised Code § 2323.52. Specifically, Judge Lucci found that the second petitions filed against Ms. Andrews, Mr. Vanek and Magistrate Spangler covered matters already decided by the court, and were filed for the sole purpose of harassing and maliciously injuring these individuals. In accordance with Judge Lucci's order, the clerk of court was directed to refuse to accept and file any complaint or petition offered by Mr. Petway, unless it is signed and filed by a

licensed attorney authorized to practice law in the State of Ohio.

In addition, Mr. Petway includes allegations which pertain to the underlying petitions for civil protection orders. He contends that Mr. Vanek came to his house with a firearm and threatened him. He claims that Magistrate Spangler did not fairly consider his requests and spoke harshly to him in the presence witnesses he intended to question at a hearing on one of the protection orders.

Mr. Petway now files this action in federal court asking this court to vacate Judge Lucci's orders. He claims he is being denied access to the courts and due process. He claims that the clerk of court has a statutory obligation to take action to prevent injustice in this case. He indicates that he attempted to file a number of documents; however, the deputy clerks would not accept them. Mr. Petway also seeks restitution in the form of an injunction and monetary damages, including pre-judgement interest, to "eradicate the effects of its past and present unlawful denial of [his]...constitutional rights." (Compl. at 8.)

## **Analysis**

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] Neitzke v.

---

[2] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris
(continued...)

Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

      As a threshold matter, United States District Courts do not have jurisdiction over challenges to state court decisions even if those challenges allege that the state court's action was unconstitutional. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 483 n. 16 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari. Id. Under this principle, generally referred to as the Rooker-Feldman Doctrine, a party losing his case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates his or her federal rights. Johnson v. DeGrandy, 512 U.S. 997, 1005-06 (1994). Federal jurisdiction cannot be invoked merely by couching the claims in terms of a civil rights action. Lavrack v. City of Oak Park, No. 98-1142, 1999 WL 801562, at *2 (6th Cir. Sept. 28, 1999); see also, Valenti v. Mitchell, 962 F.2d 288, 296 (3d Cir.1992).

      The United States Sixth Circuit Court of Appeals has applied two elements to a Rooker-Feldman analysis. First, in order for the Rooker-Feldman doctrine to apply to a claim presented in federal district court, the issue before the court must be inextricably intertwined with the claim asserted in the state court proceeding. Catz v. Chalker, 142 F.3d 279, 293 (6th Cir. 1998); see Tropf v. Fidelity National Title Insurance Co., 289 F.3d 929, 937 (6th Cir. 2002). "Where

---

(...continued)
v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state court judgment." Catz, 142 F.3d at 293. The Rooker-Feldman doctrine applies when the party losing his case in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself. Coles v. Granville, 448 F.3d 853, 857-59 (6th Cir. 2006). Second, the Rooker-Feldman doctrine precludes a district court's jurisdiction where the claim is a specific grievance that the law was invalidly or unconstitutionally applied in plaintiff's particular case as opposed to a general constitutional challenge to the state law applied in the state action. Id.; Tropf, 289 F.3d at 937.

In the present action, Mr. Petway's claims clearly attack the state court's decision to deny him the civil stalking orders and to declare him to be a vexatious litigator. All of the allegations in these causes of action concern specific grievances that the law was incorrectly applied to plaintiff's case, and are clearly predicated on his belief that the state court was mistaken in rendering its decisions against him. Moreover, plaintiff requests as relief that the state judgments be declared unconstitutional and their execution enjoined. Any review of the constitutional claims asserted in this context would require the court to review the specific issues addressed in the state court proceedings against him. This court lacks subject matter jurisdiction to conduct such a review or grant the relief as requested. Feldman, 460 U.S. at 483-84 n. 16; Catz, 142 F.3d at 293.

Furthermore, to the extent that Mr. Petway simply seeks to litigate this matter anew, he is unable to do so in this court. A federal court must give a state court judgment the same preclusive effect it would have in the courts of the rendering state. 28 U.S.C. § 1738; Dubuc v. Green Oak Township, 312 F.3d 736, 744 (6th Cir. 2002). Under Ohio law, an existing final

judgment or decree is conclusive as to all claims which were or might have been litigated in the first lawsuit. National Amusement, Inc. v. Springdale, 53 Ohio St. 3d 60, 62 (1990). The doctrine of res judicata requires a plaintiff to present every ground for relief in the first action he files, or forever be barred from asserting it. Id. The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. Allen v. McCurry, 449 U.S. 90, 94 (1980). The Ohio courts have already ruled on Mr. Petway's petitions and declared him to be a vexatious litigator. This court is bound to give full faith and credit to those state court decisions.

## **Conclusion**

Accordingly, plaintiff's Application to Proceed In Forma Pauperis is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.


Dated: December 5, 2007            s/    *James S. Gwin*
                                   JAMES S. GWIN
                                   UNITED STATES DISTRICT JUDGE

---

[3]   28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.